. . . does not concur in this last view, namely, that homicide committed by excessive whipping, must be necessarily murder in the first degree, without regard to the intention of the offender. He is of opinion that to constitute murder in the first degree, there must be an intention to kill.
The record in this case presents several other matters for the consideration of the Court. It is contended that the proceedings before the Court of examination were not such as the law required. A copy of these proceedings have been exhibited in the record, and it appears from that copy that objections were made in the Court of examination to the previous proceedings had before the committing magistrate; but they were overruled by the Court. Whether properly overruled or not, is a matter which this Court has no jurisdiction to enquire into; nor had the Circuit court any such jurisdiction. No appeal could be taken from the decision of that Court. They had no right to sign any bill of exceptions: and consequently a bill of exceptions signed by the Court cannot be regarded as a part of the record of the case. Commonwealth v. Hickman, 2 Va. Cas. 60; Code of Va., p. 672, § 8. But if we could look into the proceedings of that Court, for *Page 682 
the purpose of reviewing those opinions upon the objections to them by the prisoner's counsel, we should say that the proceedings were, in all respects, regular, and that the Court properly overruled the objections of the prisoner. The Circuit court has the right however, of looking into the proceedings of the Court of examination for two purposes, and for two purposes only. 1st, To see that it was a legally constitued Court, to make the examination. 2d, To see what offence it was for which the prisoner had been examined. The pleadings in this cause made it necessary to look into the proceedings of the Court of examination for those purposes, and this brings us to the questions arising upon those pleadings.
The prisoner was first indicted on the 2d of April 1850. This indictment contained fourteen counts. The prisoner demurred to the indictment and to each count thereof, in which the attorney for the Commonwealth joined. The Court overruled the demurrers, except the demurrer to the fourteenth count, which was sustained. To the remaining thirteen counts the prisoner pleaded in abatement that he had not been examined for the offences charged in the indictment before the Court of examination. To this plea the attorney for the Commonwealth filed a very short replication, stating that the prisoner had been duly examined by a Court of examination; and tendered an issue to the country. Not one word of reference is made in the replication to the record and proceedings of the Court of examination. This plea was fatally defective. The prisoner demurred to it, and the demurrer was sustained, which the Court was bound to do, and following it up quashed the indictment, not because no such examination had been had, but because no record of such examination had been produced and avouched with the replication. This was done at the October term 1850, and on the following day a new indictment was framed *Page 683 
by the grand jury, containing fifteen counts, fourteen of which are the same as those of the first indictment, with, in some of the counts, some few and very immaterial deviations from the old indictment, and the new count being substantially like the others, or some of them. To this indictment the prisoner demurred. He also demurred to each count thereof; in which demurrer the attorney for the Commonwealth joined; and the Court overruled the demurrer out and out. And we think it was properly done. For we cannot perceive any error in the indictment or in either count; and it is very certain that no error has been specifically presented in the pleading or alluded to in argument. Yet we beg to be understood as not approving of the practice of embarrassing the trial of an important cause with so many unnecessary counts in an indictment. The prisoner then pleaded in abatement that he had not been examined for the offences charged in the indictment before a proper and legally constituted Court of examination according to law. To this plea the attorney for the Commonwealth replied that the prisoner had been duly examined for the said offences, and avouched the record of the Court of examination. To this replication the prisoner tendered four rejoinders, all of which, according to the rules of pleading, were inadmissible, except the first, one of which was held to be bad upon demurrer, and the other three were rejected by the Court. These several rejoinders, though differing somewhat from each other in words and phraseology, were in substance the same. They relied upon the judgment of the Court upon the demurrer of the prisoner to the replication of the attorney for the Commonwealth to the prisoner's plea in abatement to the first indictment, by which that indictment was quashed, as being a bar to any other and subsequent indictment against the prisoner for the same offence, upon the examination which had been had before the County court of *Page 684 
Hanover before the finding of the first indictment; and averred that no new or subsequent examination of the prisoner for that offence had been had before a Court of examination. We are unanimously of the opinion, to say nothing of the objection that might be made to them upon other grounds, that the matters set forth in these rejoinders constituted no bar whatever to the present prosecution. The judgment of the Court referred to in these rejoinders extended to the first indictment only, and constituted a bar to all further proceedings upon that indictment. When that indictment was quashed the case stood as if no indictment had been found; and it was the unquestionable right and duty of the Commonwealth's attorney to prefer against the prisoner a new indictment for the murder of which he had been examined by the County court of Hanover. The prisoner after the Court had disposed of his rejoinders, demurred to the replication. This demurrer was also properly overruled by the Court.
Upon the whole we are clearly of opinion that there is no error in the record of which the prisoner can complain, and the writ of error is refused.
After the trial was over, the prisoner moved the Court in taxing the costs of the prosecution, to omit the perdiem allowance which had been made for thevenire. The Court refused to do so, and directed the clerk to include the allowance in the bill of costs. It is provided by law that when qualified jurors cannot be conveniently found in the county in which the trial is to take place, they may be procured in some other county; the law then provides that "Every juror so summoned shall be paid one dollar for each day he attends, and the same mileage as a witness in a civil case; and every juror residing in such county or corporation, and serving on such jury, shall be paid in like *Page 685 
manner one dollar for each day he attends on such jury." See Code of Va. 774, sec. 10th of chap. 208. The prisoner contends that this law does not apply to a case in which all the jurors are procured within the county in which the trial is had. We can see nothing in the law to authorize such a restriction of its operation. The words are general and apply alike to all jurors in criminal cases without respect to the place from whence they come. The pay to each is the same, whether the juror attends from a neighbouring county or is a resident of the county in which the trial takes place. But there is this difference between resident and nonresident jurors. The nonresident is entitled to mileage, and to be paid for every day that he attends the Court. The resident juror is not entitled to mileage, and can be paid only for each day that he serves on the jury. This being our view of the law, we think the Court did right in not directing the clerk to omit in his taxation of the costs of prosecution the per diem allowance made for the jurors, as directed to be done under the 11th section of chap. 211, Code of Va., p. 783.
 Petition for a writ of error denied. *Page 686 
[EDITORS' NOTE: THIS PAGE IS BLANK.]